UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00789-GNS

DITECH FINANCIAL, LLC                                                                     PLAINTIFF

v.

KRISTI DYER, et al.                                                                                    DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand (DN 12). Defendant filed no opposition to the motion, and her time to do so has expired. For the reasons outlined below, the motion is **GRANTED**.

**I.    BACKGROUND**

On November 29, 2018, Defendant Kristi Dyer ("Defendant") filed a *pro se* Notice of Removal. (Notice Removal, DN 1). She sought to remove an action originally filed against her and the other Defendants in the Jefferson Circuit Court on June 2, 2015. (Notice Removal 1; Notice Removal Attach. 1, DN 1-1). Plaintiff Ditech Financial, LLC ("Plaintiff") moved to remand this matter, arguing that the removal was untimely and that the Court lacks subject matter jurisdiction. (Pl.'s Mot. Remand 3-6, DN 12).

**II.    DISCUSSION**

"The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception . . . ." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (internal quotation marks omitted) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998)). There are several reasons why this Court lacks jurisdiction over this case.

In general, a defendant may not remove a case from state court to federal court without the consent of the other defendants. *See* 28 U.S.C. § 1446(b)(2)(A). Nothing in the record indicates that any other Defendant has consented to removal. This violates the rule of unanimity as codified by 28 U.S.C. § 1446(b)(2). Moreover, the rule of unanimity is jurisdictional because Congress created the rule. *See* The Federal Courts Jurisdiction and Venue Clarification Act of 2011. Pub. L. 112-62, Dec. 7, 2011. Because the Supreme Court has held that "'[o]nly Congress may determine a lower federal court's subject matter jurisdiction[,]'" and because Congress has spoken on this issue, the absence of consent from any other Defendant in this action strips this Court of subject matter jurisdiction. *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004)).

The Court further notes that Defendant's Notice of Removal is untimely. Federal law prohibits the removal of cases from state court on the basis of diversity of citizenship more than one year after the state court action was filed. *See* 28 U.S.C. § 1446(c)(1). Defendant filed her notice of removal more than three years after commencement of the action in Jefferson Circuit Court, and there is a lack of any proof of bad faith by Plaintiff in preventing Defendant from removing the action. As a result, the removal was untimely under 28 U.S.C. § 1446(c)(1).[1]

---

[1] Even if the Court were to construe Defendant's Notice of Removal as an attempt to assert counterclaims against Plaintiff, those claims are not properly asserted. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed . . . .'" (quoting *Estelle v.* Gamble, 429 U.S. 97, 106 (1976))). The state court action in Jefferson Circuit Court was fully adjudicated more than two years before Defendant filed this removal notice. (Pl.'s Notice Filing Ex. B, DN 9-2). The *Rooker-Feldman* doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Any claims or defenses Defendant has attempted to raise in this Court should have been presented to the state court, and any objection to the final judgment should have been pursued with the Kentucky Court of Appeals. Thus, even liberally construing Defendant's Notice of Removal results in the same outcome: the Court cannot consider the merits of Defendant's claims.

As discussed, the Court concludes that Defendant did not properly remove this matter from Jefferson Circuit Court. Accordingly, the Court will grant Plaintiff's motion.

### III. CONCLUSION

For the foregoing reasons, this case was not properly removed from Jefferson Circuit Court. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 12) is **GRANTED**, and this matter is **REMANDED** to the Jefferson Circuit Court. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 4, 2019

cc: counsel of record
Defendants, *pro se*
Jefferson Circuit Court (Civil Action No. 15-CI-401263)